**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4125**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS URIEL CALLEJA-SANDOVAL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:17-cr-00288-FL-1)

Submitted: October 18, 2018                         Decided: November 21, 2018

Before WILKINSON, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesus Uriel Calleja-Sandoval, a native and citizen of Mexico, pled guilty without a plea agreement to one count of illegal reentry of an aggravated felon in violation of 8 U.S.C. § 1326(a), (b)(2) (2012).* He was sentenced to a term of six months' incarceration and one year of supervised release. On appeal, Calleja-Sandoval asserts that his prior conviction for conspiracy to commit larceny from the person is not an aggravated felony because the Immigration and Nationality Act's (INA) definition of "conspiracy" requires an overt act, while North Carolina conspiracies have no such requirement. As Calleja-Sandoval acknowledges, however, this argument is foreclosed by our decision in *Etienne v. Lynch*, 813 F.3d 135 (4th Cir. 2015) (holding that conspiracy offense need not require an overt act in order to meet the INA definition of an aggravated felony). Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

* At the Fed. R. Crim. P. 11 hearing, counsel reserved the right to challenge the aggravated felony enhancement. *See United States v. Mones-Flores*, 736 F.3d 357, 361-62 & n.2 (4th Cir. 2013) ("aggravated felony" portion of illegal reentry charge is a penalty provision and not a separate offense).